UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RIK LINEBACK, Regional Director of the Twenty-Fifth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>             Petitioner,<br><br>  vs.<br><br>SHAW ASSOCIATES, LLC,<br><br>             Respondent. | )<br>)<br>)<br>)<br>)   1:08-mc-0181-LJM-TAB<br>)<br>)<br>)<br>)<br>) |

**ORDER ON ATTORNEY'S FEES**

**I.     Introduction.**

On January 27, 2009, the Court granted Petitioner's application to enforce its subpoena duces tecum, and ordered Respondent to appear before an agent of the Petitioner for the production of subpoenaed documents. [Docket No. 23.] Petitioner now moves for attorney's fees for costs associated with attending the January 9, 2009, hearing on the matter. [Docket No. 25.]

**II.    Discussion.**

Where a federal court grants a motion for an order compelling disclosure or discovery, it must generally require that "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Similarly, sanctions are appropriate where "a party's officer . . . fails, after being served with

proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Although, strictly speaking, the motion at bar is not tied to discovery under the federal rules, it has been considered analogous for purposes of sanctions by other district courts. *E.g.*, *N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 1000 (N.D. Cal. 2004) (holding that a failure to comply with an NLRB-issued subpoena justified Rule 37(d) sanctions in an enforcement proceeding in district court);[1] *see also N.L.R.B. v. Baywatch Sec. & Investigations*, 2005 WL 1155109, at *3 (S.D. Tex. 2005); *N.L.R.B. v. A.G.F. Sports, Inc.*, 1994 WL 507779 (E.D.N.Y. 1994). This Court concurs, in accordance with Fed. R. Civ. P. 81(a)(5).

Here, Respondent has failed to timely comply or properly object to Petitioner's subpoena. Pursuant to Petitioner's administrative rules, Respondent had five days from the date of service to file an objection. 29 C.F.R. § 102.31(b). Respondent neglected to reply until after this period had expired. [Docket No. 16 at ¶ 1.] Although Respondent's counsel indicated in subsequent letters that Respondent did not possess all of the information sought, Respondent failed to provide any of the documents in its possession. [Docket No. 15, Exs. A-D.] Nor did Respondent make its president available, per the terms of the subpoena. [Docket No. 2 at 2.]

After the institution of this application, the parties continued to have exchanges about the documents subject to subpoena. Even assuming that these negotiations reset the compliance period for subpoenas, and that the 14-day compliance period set forth in Fed. R. Civ. P. 45(c)(2)(B) applies rather than the shorter period in Petitioner's rules, Respondent failed to timely respond. On October 15, 2008, Respondent indicated its willingness to provide certain

---

[1] The district judge adopted the reasoning of the magistrate judge's report and recommendation without change, but denied an award of attorney's fees on the grounds that they were inconsequential. *Id.* at 993.

documents.  [Docket No. 28, Ex. A.]  Yet these documents were not provided until October 31, 2008, outside the 14-day window.  *Id.* at ¶ 2.

The parties also met on December 15, 2008, where Respondent again agreed to produce documents.  Respondent still failed to comply within 14 days, and there is no indication that it properly objected either under Fed. R. Civ. P. 45, or the Petitioner's administrative rules.  Respondent's principal argument, that "[*t*]*here was no date that the parties set to have those additional documents provided by*," is no answer where the period for compliance is fixed by rule.  *Id.* at ¶ 3.

Respondent's tardiness has also infected its other dealings with this Court.  When this Court held a January 9, 2009, hearing to determine whether Respondent had complied with the subpoena, Respondent's counsel was, in his own words, "extremely late to the meeting."  *Id.* at ¶ 9.

The failure of Respondent, and its counsel, to resolve this matter in a timely fashion has unnecessarily required the Petitioner to expend time and resources pursuing it.  In seeking enforcement of its subpoena, Petitioner has borne additional costs related to drafting its motions and memoranda, and attending hearings.  Its request to be compensated only for two hours is exceedingly reasonable under the circumstances.

**III.**   **Conclusion**.

For the foregoing reasons, Petitioner's motion for attorney's fees is GRANTED.  Respondent and its counsel, Philip Adam Davis, are jointly ORDERED to pay to the Petitioner

attorney's fees in the sum of $150 within 30 days of the date of this order.[2]

Dated:  05/14/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] Petitioner's calculation of its attorney's fees, for two hours at $75/hour, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(b)(1)(A), was uncontested by Respondent, and is considered reasonable by the Court.

Copies to:

Kimberly Rose Sorg-Graves
NATIONAL LABOR RELATIONS BOARD
kim.sorg-graves@nlrb.gov

Philip Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com